UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERENY HENAWY, MINA
ABDELMASEH and MARIA
ABDELMASEH,

        **Plaintiffs,**

v.                              Case No: 6:24-cv-780-PGB-RMN

ALEJANDRO MAYORKAS and
UR M. JADDOU,

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on Defendants Alejandro Mayorkas and Ur M. Jaddou's (collectively, "**Defendants**") Motion to Dismiss Plaintiffs' Complaint. (Doc. 11 (the "**Motion**")). Plaintiffs Ereny Henawy, Mina Abdelmaseh, and Maria Abdelmaseh (collectively, "**Plaintiffs**") have responded in opposition. (Doc. 17 (the "**Response**")). Upon consideration, the Motion is due to be denied in part and found as moot in part.

### I.    BACKGROUND[1]

Through this action, Plaintiffs ask the Court to compel Defendants to adjudicate their pending Application for Asylum and Withholding of Removal ("**Form I-589**"). (Doc. 1).

---

[1] This account of the facts comes from Plaintiffs' Complaint. (Doc. 1 (the "**Complaint**")). The Court accepts well-pled factual allegations as true when considering motions to dismiss. *Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Plaintiffs are natives and citizens of Egypt. (*Id.* ¶¶ 1–3). Plaintiffs Ereny Henawy ("**Ereny**") and Mina Abdelmaseh ("**Mina**") are married, and Plaintiff Maria Abdelmaseh ("**Maria**") is their minor child. (*Id.* ¶¶ 13–14). At the time the Complaint was filed, Defendant Alejandro Mayorkas was the Secretary of the Department of Homeland Security and Defendant Ur M. Jaddou was the Director of the United States Citizenship and Immigration Services ("**USCIS**").[2] (*See id.* ¶¶ 4–5).

USCIS received Plaintiffs' Form I-589 on July 29, 2021, or approximately three years and seven months ago. (*Id.* ¶ 15). On August 21, 2021, Plaintiffs were noticed to appear, and did appear, at the USCIS Application Support Center to have their biometrics captured (the "**biometrics appointment**"). (*Id.* ¶¶ 16–17). The next step in adjudicating the Form I-589 is for Defendants to schedule Plaintiffs for an interview. (*See id.* ¶ 18; Doc. 1-5). However, to date, Defendants have not scheduled Plaintiffs for an interview. (Doc. 1, ¶ 18). Indeed, "upon knowledge and belief," in the time since the biometrics appointment, "USCIS has failed to take any action to adjudicate the subject Form I-589." (*Id.* ¶ 19). As a result, Plaintiffs assert Defendants' delay in adjudicating their Form I-589 has become unreasonable. (*Id.* ¶ 29).

Thus, on April 26, 2024, Plaintiffs filed the instant suit against Defendants under the Mandamus Act, 28 U.S.C. § 1361; the judicial review provisions of the

---

[2] The Court notes that, subsequent to the filing of the Complaint, the individuals serving in these roles changed. Accordingly, Alejandro Mayorkas is now the former Secretary of the Department of Homeland Security and Ur M. Jaddou is now the former Director of USCIS.

2

Administrative Procedure Act, 5 U.S.C. §§ 701–706 (the "**APA**"); and the Declaratory Judgment Act, 28 U.S.C. § 2201 (the "**DJA**"). [3] Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11).

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the

---

[3] In their Response, Plaintiffs agree with Defendants that this Court lacks subject matter jurisdiction over Plaintiffs' claims brought under the Mandamus Act. (Doc. 17, p. 3). Plaintiffs also advise the Court that they seek to withdraw their request for relief under the DJA. (*Id.* at p. 15). As a result, to the extent Plaintiffs' Complaint brings claims under the Mandamus Act and the DJA, those claims are due to be dismissed without prejudice. Defendants' arguments for dismissal of these claims are thus due to be found as moot. Consequently, in this Order, the Court's analysis is limited to Defendants' arguments for dismissal of Plaintiffs' claims brought under the APA.

plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Further, under 5 U.S.C. § 706(1), a court reviewing an agency action "shall compel agency action unlawfully withheld or unreasonably delayed."

When analyzing whether an agency's delay is unreasonable, some courts apply the six-factor test delineated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) [hereinafter *TRAC*]. Although the Eleventh Circuit has not expressly adopted the *TRAC* factors, lower courts have frequently turned to these factors when analyzing unreasonable delay claims. *See Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1287 (S.D. Fla. 2023); *see also* cases cited *infra* note 3. The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (quotation marks and citations omitted). Ultimately, "what constitutes an unreasonable delay in the immigration context depends to a great extent on the facts of the particular case." *Santiago v. Mayorkas*, 554 F. Supp. 3d 1340, 1353 (N.D. Ga. 2021) (internal quotation marks and citations omitted). As a result, courts are split on whether it is appropriate to analyze the *TRAC* factors at the motion to dismiss stage.[4]

Moreover, this Court has previously declined to consider the *TRAC* factors at the motion to dismiss stage. *Abou Hala v. Chief, Immigrant Inv'r Program*

---

4   In the context of unreasonable delay claims as to USCIS' adjudication, several courts within the Eleventh Circuit have analyzed the *TRAC* factors upon a finding of sufficient facts to do so. *See, e.g.*, *Mafundu v. Mayorkas*, 699 F. Supp. 3d 1310, 1316–17 (S.D. Fla. 2023); *Osechas Lopez*, 649 F. Supp. 3d at 1287–91; *Nascimento v. U.S. Dep't of Homeland Sec.*, 689 F. Supp. 3d 1245, 1249–51 (S.D. Fla. 2023); *Hidalgo Canevaro v. Wolf*, 540 F. Supp. 3d 1235, 1244–45 (N.D. Ga. 2021); *Otto v. Mayorkas*, No. 8:22-cv-1172-WFJ-SPF, 2023 WL 2078270, at *3–5 (M.D. Fla. Feb. 17, 2023). However, other courts have found the *TRAC* factors to be too fact intensive to analyze at the motion to dismiss stage. *See, e.g.*, *Santiago*, 554 F. Supp. 3d at 1353–54; *Segovia v. Garland*, No. 1:23-cv-1478-AT, 2024 WL 1223481, at *13–16 (N.D. Ga. Mar. 21, 2024); *Tikhonov v. Mayorkas*, No. 23-24572-CIV-LENARD, 2024 WL 3327777, at *2–3 (S.D. Fla. Mar. 12, 2024); *Mondragon Tinoco v. Mayorkas*, No. 1:20-cv-4787-MLB, 2021 WL 3603373, at *9–11 (N.D. Ga. Aug. 13, 2021); *Lammers v. Chief, Immigrant Inv. Program, US Citizenship and Immigration Servs.*, No. 6:21-cv-668-GAP-GJK, 2021 WL 9408916, at *2–3 (M.D. Fla. July 18, 2021).

*Office*, No. 6:23-cv-1541-PGB-DCI, 2024 WL 4188350, at *5–6 (M.D. Fla. Sept. 13, 2024). In so holding, this Court reasoned as follows:

> At this procedural stage, the Court lacks sufficient information to evaluate the *TRAC* factors in its assessment of whether Defendants' delays in adjudication are unreasonable. *See Segovia v. Garland*, No. 1:23-cv-1478-AT, 2024 WL 1223481, at *13–16 (N.D. Ga. Mar. 21, 2024) (delineating other courts' analysis on declining application of the *TRAC* factors at the motion to dismiss stage for an unreasonable delay claim). For example, as to the first *TRAC* factor—although the parties briefly discuss USCIS' "rule of reason" in adjudicating I-526 petitions, the Court lacks insight as to how this rule is implemented. (*See* Doc. 18, pp. 5–7, 9–12; *see also* Doc. 20, pp. 3–8, 14); *TRAC*, 750 F.2d at 80; *see also Santiago*, 554 F. Supp. 3d at 1354 (declining analysis of the *TRAC* factors because the court "does not know enough about how the agency implements its rules and exceptions" as to the "rule of reason" factor). Moreover, at this procedural stage, the Court is not privy to agency-specific information, such as the "effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80; *see Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 453 (6th Cir. 2022) (finding that the "machinery" of the U-visa process is "known only to USCIS" when analyzing the *TRAC* factors); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 375–76 (4th Cir. 2021) (explaining the difficulty of applying the *TRAC* factors at the motion to dismiss stage for an unreasonable delay claim). The Court thus finds it premature to address the *TRAC* factors.

*Id.* at *6. This reasoning is equally applicable here. In their Response, Plaintiffs attempt to address the *TRAC* factors, but repeatedly stress that there are areas that Plaintiffs cannot fully brief without the aid of discovery. (*See* Doc. 17, pp. 3–15).[5]

---

[5] For example, as to the first *TRAC* factor regarding a "rule of reason," Plaintiffs assert that "sufficient documentation of the agency's current policy relating to the adjudication of affirmative asylum claims has not yet been made available to the Court." (Doc. 17, pp. 8–9). Although the Complaint attaches a document referencing that the USCIS is "[r]eturning to a 'last-in, first out' ["**LIFO**"] interview schedule," Plaintiffs note that the precise parameters of the LIFO policy are not before the Court. (Doc. 1-3; Doc. 17, p. 9). Similarly, Defendants support their argument that the first and second *TRAC* factors weigh in their favor by pointing to a host of cases wherein courts have found delays of four or more years to be reasonable.

Simply put, the Court finds that "at this juncture, a *TRAC* analysis would be premature and would be better [performed] on a more developed record." *Ferre v. U.S. Dep't of Homeland Sec.*, No. 1:24-CV-20898-DPG, 2024 WL 4475005, at *2 (S.D. Fla. Oct. 12, 2024) (citing *Tikhonov*, 2024 WL 3327777, at *2). Further, taking the allegations in the Complaint as true, Plaintiffs have at least plausibly alleged that Defendants have unreasonably delayed in adjudicating their Form I-589. *See Ashcroft*, 556 U.S. 662, 678 (2009); (*e.g.*, Doc. 1, ¶¶ 19, 22, 24 (alleging that Defendants have taken no action in the years that have elapsed since their biometrics appointment to adjudicate their Form I-589, that Defendants have had ample time to do so, and that Plaintiffs have no reason to believe that Defendants will adjudicate their Form I-589 in the foreseeable future). Consequently, Defendants' request that the Court dismiss Plaintiffs' claims under the APA is denied.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 11) is **DENIED IN PART** and **FOUND AS MOOT IN PART**.

2. Plaintiffs' claims under the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, are **DISMISSED**

---

(*See* Doc. 11, pp. 12–13 (collecting sources)). However, as a court in this District noted when confronted with an identical argument, "those cases are unpersuasive because of the fact-intensive nature of unreasonable delay cases." *Lammers*, 2021 WL 9408916, at *2.

**WITHOUT PREJUDICE**. Accordingly, to the extent Defendants' Motion to Dismiss Plaintiffs' Complaint argues for the dismissal of these claims, those portions of the Motion to Dismiss Plaintiffs' Complaint are **FOUND AS MOOT**.

3. Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 11) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on March 13, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties