UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERENY HENAWY; MINA ABDELMASEH; and MARIA ABDELMASEH,

    Plaintiffs,

vs.

KRISTI NOEM; and JOSEPH B. EDLOW,

    Defendants.

Case No. 6:24-cv-780-PGB-RMN

## ORDER

This matter is before the Court without oral argument on a Motion to Compel Limited Discovery (Dkt. 31) filed by Plaintiffs on July 28, 2025. Defendants filed a response in opposition.[1] Dkt. 33. The Motion has been referred to a magistrate judge for consideration. A hearing was held on September 15, 2025. Dkt. 35 (hearing minutes).

For the reasons stated on the record at the hearing, the Motion is granted in part and denied in part. Specifically, as Plaintiffs claims are brought under 5 U.S.C. § 706(1), limited discovery is appropriate

---

[1] Under Federal Rule of Civil Procedure 25(d), Secretary Noem and Director Edlow are substituted as the Defendants.

because Plaintiffs may "rely upon material that is outside the scope of the administrative record." *Democracy Forward Found. v. Pompeo*, 474 F. Supp. 3d 138, 149 (D.D.C. 2020) (quoting *Nio v. Dep't of Homeland Sec.*, 314 F. Supp. 3d 238, 242 (D.D.C. 2018)). Further, Plaintiffs have shown the administrative record does not adequately address how their applications were managed in the larger workflow of the Miami Asylum Office. Thus, limited discovery is warranted.[2]

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Limited Discovery (Dkt. 31) is **GRANTED in part** and **DENIED in part**; and

---

[2] Some courts frame a failure-to-act claim under section 706(1) as an "exception" to the Administrative Procedure Act's ("APA") record review requirement or view different outcomes in different cases as conflicting opinions regarding the applicability of the APA's record review requirement. *See, e.g.*, *Cherokee Nation v. U.S. Dep't of the Interior*, 531 F. Supp. 3d 87, 96 n.2 (D.D.C. 2021). In my view, the better reading of the APA applies the administrative record review requirement to failure-to-act claims but, in some cases like this, the record is deficient, thereby requiring the consideration of extra-record evidence. *See, e.g.*, *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 540 (D.D.C. 2021) (concluding the APA's record review requirement applies to failure-to-act claims but recognizing extra-record evidence may be permitted in some circumstances); *see also State of Fla. v. FDA*, No. 8:22-cv-1981, 2023 WL 2561380 (M.D. Fla. Mar. 17, 2023).

- 3 -

2. Plaintiff may notice the deposition of the Director of the Miami Asylum Office, who submitted a declaration in this case. The deposition is limited to two hours and may only address that office's handling of the applications at issue.

**DONE** and **ORDERED** in Orlando, Florida, on September 15, 2025.

	*[signature]*
	ROBERT M. NORWAY
	*United States Magistrate Judge*

Copies to:

Counsel of Record